NITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AIMEE O'NEIL,<br><br>           Plaintiff,<br><br>    v.<br><br>STATE OF NEW YORK, et al.,<br><br>           Defendants. | Case No. 2:20-cv-00804-KJD-EJY<br><br>**ORDER**<br><br>**and**<br><br>**REPORT AND RECOMMENDATION**<br><br>**Re: ECF Nos. 1, 1-1, and 4** |

Presently before the Court is Plaintiff Aimee O'Neil's Application to Proceed *In Forma Pauperis* (ECF No. 1), filed on May 5, 2020. Also before the Court is Plaintiff's Civil Rights Complaint (ECF No. 1-1), and Plaintiff's Motion for Entry of Default (ECF No. 4).

**I.    *In Forma Pauperis* Application**

Plaintiff submitted the declaration and information required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Therefore, Plaintiff's *in forma pauperis* application is granted.

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## III. DISCUSSION

Plaintiff's Complaint identifies the state of New York as a defendant. ECF No. 1-1 at 1. Specifically, Plaintiff alleges that New York violated her constitutional rights by instigating a campaign of harassment and discrimination against her in Nevada and in New York. *Id.* at 4. Plaintiff also alleges that Defendant "Mazzolis" took issue with her father's New York based marijuana operation and "tried to get [him] into major trouble," forcing Plaintiff's family to leave the state. *Id.* at 7. Plaintiff asks this Court to award her $1 million as compensation. *Id.* at 5.

Plaintiff also moves this court to enter default judgment, claiming Defendant failed to properly respond to her complaint and summons. ECF No. 4.

### A. Plaintiff's Complaint is Barred by the Eleventh Amendment.

Plaintiff's claim against the State of New York is barred by the Eleventh Amendment's guarantee of sovereign immunity. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("an unconsenting State is immune from suits brought in federal courts by… citizens of another State."); *Hans v. Louisiana*, 134 U.S. 1, 11 (1890) (holding that federal courts lack jurisdiction in cases where "a state was sued by the citizens of another state"). Where, as here, "the action is in essence one for the recovery of money from the state, the state… is entitled to invoke its sovereign immunity from suit[.]" *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). This bar includes 42 U.S.C. § 1983

2

actions against states, as Congress, "in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and… alter the federal-state balance." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Plaintiff's identification of the "Mazzolis" evidences that the State of New York is the real party in interest.[1] ECF No. 1-1 at 7. *Edelman*, 415 U.S. at 663 (reasoning that if the damage award is to be paid by the state, the state is the real party in interest and thus immune under the Eleventh Amendment). As such, Plaintiff's action should be dismissed as a matter of law.

   B. <u>Plaintiff's Motion for Entry of Default Judgment Fails as a Matter of Law</u>.

In her motion for entry of default judgment, Plaintiff asserts that the Court should enter default judgment in her favor because she served Defendants with a copy of her Complaint and a Summons, but has received no reply. ECF No. 4. Even assuming Plaintiff had properly served the State of New York, which is questionable, sovereign immunity prevents the entry of default judgment in this case.

**IV.** **<u>ORDER</u>**

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

**V.** **<u>REPORT AND RECOMMENDATION</u>**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED with prejudice, as amendment would be futile.

IT IS FURTHER RECOMMENDED that the pending motion docketed as ECF No. 4 be DISMISSED with prejudice as Defendant State of New York is immune from suit.

Dated this 7th day of July, 2020

                _____
                ELAYNA J. YOUCHAH
                UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that Plaintiff is asserting a separate claim against the "Mazzolis," this claim fails as a matter of law because private parties not acting under color of state law cannot be sued under § 1983. *West v. Atkins*, 487 U.S. 42, 48 (1988) (requiring private parties to act under color of state law if § 1983 is to apply). Plaintiff does not allege the "Mazzolis" were state actors or exercised a right or privilege deriving from state authority. *Williams v. Univ. Med. Ctr. of S. Nevada*, 688 F. Supp. 2d 1111, 1122 (D. Nev. 2010) ("[c]onduct by a private individual constitutes state action when… the claimed deprivation '"resulted from the exercise of a right or privilege having its source in state authority"'").

**<u>NOTICE</u>**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).